**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,
          Plaintiff,

                                        **REPORT AND**
          v.                            **RECOMMENDATION**
                                        16-cr-6029 (DGL)

ANDRE BARNES,

          Defendant.

_____

### Background

On April 1, 2016 defense counsel made a motion to have the
defendant, Andre Barnes (hereinafter "the defendant" or "Mr.
Barnes"), examined in order to determine his competency to stand
trial. The government did not object to defense counsel's motion
but the defendant opposed his lawyer's application to have him
examined for competency.   The Court granted the motion and, by
Order dated the same day (Docket # 26), directed the United States
Marshal ("the Marshal") to transport the defendant to a suitable
medical facility to determine whether he was suffering from a
mental disease or defect rendering him mentally incompetent to
stand trial pursuant to 18 U.S.C. §§ 4241, 4247.

However, due to what was described to the Court as
"miscommunication" between the Marshal and the Bureau of Prisons,
the Marshal failed to designate or transport the defendant to a
suitable medical facility for a competency examination. Instead,
the defendant remained incarcerated at a local jail for five months

1

without being evaluated. It was not until defense counsel inquired of the Marshal and the United States Attorney as to the status of the competency examination of his client that the error was discovered.

On August 30, 2016, the Court first learned that the defendant had not been examined as directed when it received a letter from defense counsel. The Court immediately contacted the Marshal and put the matter on its docket for status and an inquiry as to how the defendant could remain at a local jail for five months despite a Court Order clearly directing that he be transported to a medical facility for examination. See Docket ## 32, 34. Thereafter, on September 9, 2016, at the request of defense counsel and with the consent of the government, the Court ordered the defendant to be interviewed and evaluated at a local facility to determine competency to stand trial. See Docket # 33.

On October 27, 2016, the parties appeared before the undersigned to discuss the results of the local examination. It was reported to the Court that the local examiner, Dr. R.P. Singh, was unable to determine the defendant's competency to stand trial. Dr. Singh recommended to the Court that the defendant be hospitalized for a more thorough evaluation. See Docket # 86. Accordingly, and with the consent of the government and defense counsel, the Court ordered that the defendant be hospitalized in a suitable facility for an expedited examination and evaluation.

2

Docket ## 41, 42. Because of the inordinate delay in completing the previous evaluation due to the "miscommunication" between the Marshal and the Bureau of Prisons, the Court ordered the transportation and second examination to be done on an expedited basis. See Docket # 42.

The defendant was transported to the Federal Bureau of Prisons Metropolitan Correctional Center in Chicago, Illinois for the second competency evaluation. On January 6, 2017, the Court received the competency evaluation report prepared by Dr. Robin Watkins, a Board Certified Forensic Psychologist. After evaluating the defendant, Dr. Watkins found that "Mr. Barnes does not meet the criteria for a mental illness that would impair his competency to proceed" to trial. See Docket #88.

On January 12, 2017 the defendant and government counsel appeared before the Court to discuss status of counsel and future proceedings. Defense counsel, Avik K. Ganguly, Esq., did not attend the January 12th conference. In correspondence with chambers that same day (Docket #87), Mr. Ganguly informed the Court that he wished to be relieved from further representing the defendant. Based on the request of Mr. Ganguly, and with the concurrence of Mr. Barnes, the Court granted Mr. Ganguly's request to withdraw from further representation of the defendant.

During the January 12, 2017 appearance the Court also informed Mr. Barnes of the results of the competency examination. Although

3

the defendant told the Court that he agreed with the results of the competency evaluation, the Court advised Mr. Barnes that new counsel would discuss the competency issue with him and decide whether to challenge the competency findings in the report.

The Court assigned James P. Vacca, Esq. to represent the defendant. On January 19, 2017, Mr. Vacca, Mr. Barnes and the government appeared before the undersigned. Mr. Vacca requested time to review the file and meet with his new client. The matter was adjourned until February 28, 2017. On February 28, 2017, Mr. Vacca informed the Court that he was still in the process of reviewing the file and the discovery that had been provided and requested until May 1, 2018 to file motions. Thereafter defense counsel filed several unopposed requests for extensions of time to file pretrial motions, all of which were granted by the Court.

Defense omnibus motions were finally filed on November 17, 2017. Docket #81. The motions did not include a request for a competency hearing. The government responded on November 30, 2017 and oral argument was scheduled for January 5th, 2018. At the request of defense counsel, oral argument of defense motions was rescheduled for February 1, 2018. On January 18, 2018 the defendant filed a *pro se* motion seeking to "represent himself in this matter and to dismiss previously appointed counsel." See Docket # 83.

4

On February 1, 2018, Mr. Vacca, the defendant and the government appeared for the previously scheduled argument of motions filed by defense counsel. Before addressing the merits of the omnibus motions, the Court advised all parties that there were a number of issues that had to be discussed: (1) the defendant's motion to proceed *pro se*; (2) the competency examination; and (3) the defendant's custody status and whether the defense wanted a detention hearing to be convened.[1] The defendant told the Court that he wanted to have Mr. Vacca continue to represent him. Next, and before addressing the defense motions, the Court asked the parties to confirm for the record that neither the government nor defense counsel objected to the finding of Dr. Watkins that Mr. Barnes was competent to stand trial. The government and defense counsel stated that there was no objection to Dr. Watkins' report. This Report and Recommendation is intended to confirm the parties' position and the Court's finding that the defendant is competent to stand trial.[2]

_____

[1] At the time this federal prosecution was commenced, Mr. Barnes was in the custody of the New York State Department of Corrections serving a sentence of imprisonment. The defendant completed his state sentence in September 2017 and since that time has been in primary federal custody. See Docket # 85. At the request of defense counsel, the Court scheduled a detention hearing for February 6, 2018. Id.

[2] After argument on the defense motions on February 1, 2018, Mr. Barnes again requested to proceed *pro se*. The Court told Mr. Barnes that his request would be addressed at the February 6th detention hearing. On February 6, 2018, prior to commencing the detention hearing, the Court engaged Mr. Barnes in a colloquy to make sure his demand to represent himself was knowing and considered. The Court granted Mr. Barnes' request to discharge Mr. Vacca and represent himself and appointed Mr. Vacca to act as "stand by" counsel to assist the defendant in complying with courtroom procedures and overcoming procedural or evidentiary

## Discussion

A court must declare a criminal defendant incompetent to stand
trial if it finds "by a preponderance of the evidence that the
defendant is presently suffering from a mental disease or defect
rendering him mentally incompetent to the extent that he is unable
to understand the nature and consequences of the proceedings
against him or to assist properly in his defense." 18 U.S.C. §
4241(d). According to the Second Circuit, the determination of
competency turns on whether the defendant has "(1) sufficient
present ability to consult with his lawyer with a reasonable degree
of rational understanding and (2) a rational as well as factual
understanding of the proceedings against him." United States v.
Nichols, 56 F.3d 403, 410 (2d Cir.1995) (quoting Dusky v. United
States, 362 U.S. 402, 402 (per curiam)) (internal quotations
omitted). In assessing competency, "the district court may rely on
a number of factors, including medical opinion and the court's
observation of the defendant's comportment." Id. at 411 (citing
United States v. Hemsi, 901 F.2d 293, 295 (2d Cir.1990)).

In concluding that Mr. Barnes is currently competent to stand
trial, I rely on Dr. Watkins' evaluation and written report, which

---

obstacles. See McKaskle v. Wiggins, 465 U.S. 168, 176-77 (1984). The Court
also informed Mr. Barnes that it will continue to monitor his conduct as the
litigation proceeds and reserves the right to reconsider its decision to allow
him to proceed pro se should the circumstances suggest he is not competent to
litigate future proceedings in this case by himself. See Indiana v. Edwards,
554 U.S. 164, 177-78 (2008). Mr. Barnes represented himself at the detention
hearing.

6

I have carefully reviewed and considered. I also rely on the fact that both the government and the defendant have endorsed the conclusion of Dr. Watkins, and ask the Court to find the defendant competent.   In sum, after an extensive evaluation process and consideration of Mr. Barnes' mental state and behaviors, Dr. Watkins determined that "Barnes does not meet the criteria for a mental illness that would impair his competency to proceed." Docket # 88.   Neither the defendant nor the government challenge this finding and, at least at this juncture of the litigation, the Court does not disagree with the opinions and conclusions set forth in Dr. Watkins' report.   Accordingly, it is my Report and Recommendation that the defendant be found competent to stand trial.

### Conclusion

It is my Report and Recommendation that the defendant Andre Barnes is competent to stand trial.

**SO ORDERED.**

JONATHAN W. FELDMAN
United States Magistrate Judge

DATED: February 8, 2018
       Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby
**ORDERED**, that this Report and Recommendation be filed with the Clerk of
the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with
the Clerk of this Court within fourteen (14) days after receipt of a
copy of this Report and Recommendation in accordance with the above
statute and Rule 59(b)(2) of the Local Rules of Criminal Procedure for
the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo*
review arguments, case law and/or evidentiary material which could have
been, but was not, presented to the magistrate judge in the first
instance. See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale
Elec. Co., 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request
an extension of such time waives the right to appeal the District Court's
Order.** Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd.,
838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of the
Local Rules of Criminal Procedure for the Western District of New York,
"[w]ritten objections . . . shall specifically identify the portions of
the proposed findings and recommendations to which objection is made and
the basis for each objection, and shall be supported by legal authority."
**Failure to comply with the provisions of Rule 59(b)(2) may result in the
District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report
and Recommendation to the attorneys for the Plaintiff and the Defendant.

**SO ORDERED.**

JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:    February 8, 2018
          Rochester, New York

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C.
§ 3161(h)(1)(D) commences with the filing of this Report and Recommendation.
Such period of excludable delay lasts only until objections to this Report and
Recommendation are filed or until the fourteen days allowed for filing
objections has elapsed. United States v. Andress, 943 F.2d 622 (6th Cir. 1991),
cert. denied, 502 U.S. 1103 (1992); United States v. Long, 900 F.2d 1270 (8th
Cir. 1990).