UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                                  Plaintiff,

                       DECISION AND ORDER

                     16-CR-6029L

            v.

ANDRE L. BARNES,

                                                  Defendant.

_____

Defendant Andre L. Barnes ("Barnes") has been indicted in a Superseding Indictment involving federal sex trafficking offenses. Barnes has gone through several appointed lawyers, who have not been to his liking, and he is now proceeding *pro se*.[1]

Prior assigned counsel had requested a competency examination and Barnes was eventually transferred to the Metropolitan Correctional Center in Chicago, Illinois for that examination. On or about January 6, 2017, the Court received the report of the competency examination which found that Barnes was competent to proceed to trial. The parties did not object to that finding and this Court affirmed Magistrate Judge Feldman's Report and Recommendation concluding that Barnes was competent to stand trial.

Trial on this case is currently scheduled for November 5, 2018. The Court has conducted several court proceedings relating to status and in each instance, Barnes has repeated his request

---

[1] On February 6, 2018, after conducting an inquiry concerning Barnes's decision to proceed *pro se*, Magistrate Judge Feldman granted his request, but appointed attorney James Vacca as standby counsel to assist Barnes in complying with courtroom procedures and other matters that might assist Barnes.

to proceed *pro se*, and, in fact, has requested the Court vacate the order appointing attorney Vacca as standby counsel. This Court declined to do so.

This Court referred all pretrial motions to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636. Pending before the Court is Magistrate Judge Feldman's thorough 50-page Report and Recommendation which recommends that this Court deny the several *pro se* motions that have been filed by Barnes. (Dkt. #115). Although untimely, Barnes has filed a *pro se* document of 147 pages, plus attachments (Dkt. #132) which he describes as the Defense Objection to Magistrate Judge Feldman's Report and Recommendation.

During the course of the proceedings, Barnes was clear and adamant that he wished his attorneys' motions to be withdrawn and that the Court focus on his *pro se* motions. In fact, Barnes over the course of the pendency of this Indictment, has filed six separate *pro se* motions (Dkt. ##90, 91, 92, 93, 94, 107). Magistrate Judge Feldman has painstakingly reviewed all the motions which are often ambiguous and hardly models of clarity. Nonetheless, Magistrate Judge Feldman has undertaken the task and ruled on each of the pending motions.

I have reviewed the Report and Recommendation, the filings submitted to the Magistrate Judge, as well as Barnes's Objection (Dkt. #132) to the Report and Recommendation.

I agree with the Magistrate Judge's analysis as to both the facts and the law and I find no basis to alter, modify or reverse the Magistrate Judge's Report and Recommendation. Therefore, I agree with that recommendation and deny all of Barnes's motions.

As to certain matters of trial procedure, the Magistrate Judge did direct that the Government turn over certain material two weeks prior to trial or at the pretrial conference, whichever is sooner.[2]

I will discuss Barnes's spate of motions, *seriatim*, as did Magistrate Judge Feldman.

**Document #92 – Motion to Dismiss for Violation of the Speedy Trial Act**

Barnes contends that his statutory speedy trial rights have been violated by delay. Magistrate Judge Feldman carefully recounted the calendar of events in this case and noted several matters constituting excludable time. The principal exclusion was the time necessary to complete the competency examination for Barnes. Although that proceeding took perhaps a bit longer than desired because of confusion in transporting Barnes, the delay was not excessive and not purposeful. In relying on *United States v. Vasquez*, 918 F.2d 329, 333 (2d Cir. 1990), the Magistrate Judge found, and I agree, that the delay on this case in completing the competency examination must be excluded under the statutory speedy trial timetable.

In addition, the Magistrate Judge noted that a co-defendant in this case (who has now pleaded guilty) had filed motions and, under the statute, that time is also tolled. In addition, the docket sheet contains numerous references to requests by Barnes's then court-appointed counsel for additional time to review the filings and the voluntary discovery that had been provided by the Government. All of that time was properly excluded under the speedy trial calculations.

---

[2] Other matters were left to this Court, as the trial judge, to determine, for example, the Government's witness list.

In addition, Magistrate Judge Feldman determined that there was no constitutional Sixth Amendment violation: the delay was not untimely and there were no extraordinary factors warranting dismissal under the Sixth Amendment.

Finally, I agree with Magistrate Judge Feldman's conclusion that Barnes suffered no prejudice from the delay here; in fact, much of the delay was for his benefit as his counsel took steps to review the necessary material, and for completion of the competency report.

Barnes makes several other claims in the motion, and in his Objection to the Report and Recommendation which he believes support his claim that there has been a Speedy Trial Act violation. I have reviewed them all and none have merit. Barnes claims that there was delay as the Magistrate Judge failed to issue a scheduling order; that the competency examination order was punitive and that there was some type of violation because he was transferred to a facility in another state (Illinois). None of these concerns are factually accurate and none have merit.

Barnes also complains as he did vigorously during his appearance in front of Magistrate Judge Feldman that he was denied a preliminary hearing. It is clear that such a hearing was scheduled but the grand jury returned an indictment prior to the date of the hearing. The purpose of a preliminary hearing, as noted by the Magistrate Judge, is to determine whether there is probable cause to continue to hold the defendant. The law is well established in the Second Circuit and the United States Supreme Court that the return of an indictment conclusively establishes probable cause and therefore there is no basis or purpose for a preliminary hearing. Defendant's rights were not violated. I have considered the other claims by Barnes in this motion, as well as his objections and find none to be of merit.

**Document #91 – Motion to Dismiss: Lack of Jurisdiction**

Barnes has made this claim concerning lack of jurisdiction both orally before the Magistrate Judge in his motion and again in his document objecting to the Report and Recommendation. The motion has no merit. Barnes appears to contend that this Federal Court does not have jurisdiction and the Government may not maintain the action.

The jurisdiction of this Court to try the charges in the Superseding Indictment is very clear. Article III of the Constitution provides that "[t]he judicial Power shall extend to all Cases in Law and Equity arising … under the Laws of the United States," U.S. Const. Art. III, § 2.

Also, 18 U.S.C. § 3231 grants jurisdiction to the federal courts to try charges involving federal crimes: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." The broad grant of subject-matter jurisdiction is valid and enforceable, and the courts have thus uniformly rejected challenges to it." *Soler v. U.S.*, 2015 WL 4879170, at *13 (SDNY Aug. 14, 2015) (citing cases).

Barnes is charged here with violating 18 U.S.C. Section 1591(a) and Section 2421(a). These deal with sex trafficking. Apparently, Barnes contends that this Section is not a valid exercise of Congress' commerce clause authority or, alternatively, that is the action did not affect interstate commerce.

The Magistrate Judge carefully discussed the broad commerce clause powers under the United States Constitution and set forth overwhelming authority that the criminal statutes at issue are well within the commerce clause power granted to Congress. It is clear without doubt that the United States had valid authority to prosecute this action. The United States Government has prosecuted hundreds of cases under this particular statute and others. Barnes's arguments have no merit.

It is true that the acts must have some affect on interstate commerce. The Indictment here is facially valid. The effect on interstate commerce is one of the elements that the Government will need to establish at the trial. It is not something to be resolved at this time. The law is clear however, that the affect on interstate commerce need only be minimal and the Court has careful instructions to explain that to the jury at trial. I have considered the other parts of this motion, as well as Barnes's objection and find none that warrant changing the Magistrate Judge's decision.

**Document #94 – Motion to Conduct a *Franks* Hearing**

The Magistrate Judge determined, correctly, that there was no basis to conduct a hearing pursuant to authority of *Franks v. Delaware*, 438 U.S. 154 (1978).

Barnes has failed to make the necessary substantial preliminary showing that there were any inaccuracies in the affidavit establishing probable cause to arrest. There was no demonstration of any deliberate falsehood or reckless disregard for the truth. None of the matters raised had any substantial bearing on the arrest of Barnes and, as noted by the Magistrate Judge, the fact that the grand jury later returned an Indictment by itself is sufficient probable cause to bring Barnes before the Court for trial. There is no merit to this request.

**Document #93 – Motion for Dismiss for Lack of Jurisdiction**

Barnes cites numerous cases and legal principles but virtually all have nothing to do with this case. For instance, Barnes cites cases involving personal jurisdiction, standing and minimal contacts in cases such as *Pennoyer v. Neff*, 95 U.S. 714 (1877). These cases, however, have nothing to do with <u>criminal</u> prosecutions. They relate to civil actions and civil procedures and are irrelevant to the case here.

Barnes also has made the following argument repeatedly: the Indictment should be dismissed because the crime did not take place "within the special maritime and territorial jurisdiction of the United States." This argument has been made by Barnes orally before the Magistrate Judge, before this Court and in his papers. As the Magistrate Judge patiently noted, 18 U.S.C. Section 1591(a) makes it a crime to traffic in minors in two different "places": on land in or affecting interstate or foreign commerce, or WITHIN THE SPECIAL MARITIME AND TERRITORIAL JURISDICTION OF THE UNITED STATES. The statute clearly is written in an either/or formula with is routine in criminal statutes. The Government does not contend in any way that any of the acts involving Mr. Barnes and the women he allegedly prostituted were engaged in such activities in the maritime jurisdiction of the United States. This is not a maritime case: it never was and never has been. Defendant's motion and contention otherwise is without merit. The Magistrate Judge correctly denied the motion.

**Document #90 – Defendant's Omnibus Motion**

In this motion, Barnes sets forth a lengthy list of requested items. Magistrate Judge Feldman dealt with each of them and except for certain matters relating to trial preparation and matters to be determined at the pretrial conference, the Magistrate Judge denied all motions. For example, defendant requested immediate release from custody based on violations of the Speedy Trial Act. He also requested leave to inspect the grand jury minutes, but as the Magistrate Judge pointed out, review of such minutes is rarely permitted without a specific factual allegation of Government misconduct. There is no such allegation whatsoever here.

In addition, Barnes seeks a Bill of Particulars. Magistrate Judge Feldman, after careful review, determined that the Superseding Indictment provided Barnes with ample information

regarding the alleged criminal acts, including the initials of the victims. A Bill of Particulars is not meant to provide evidentiary material. The Magistrate Judge determined that considering the specificity of the Superseding Indictment, and the sheer volume of voluntary discovery that has been provided to Barnes by the Government including, most recently, the name of the young woman that Barnes allegedly prostituted, there is no basis for any Bill of Particulars here.

In this motion also, Barnes once again seeks dismissal for lack of jurisdiction but none of the claims advanced by Barnes have any merit and have all been resolved previously by Magistrate Judge Feldman in his ruling on the prior motions.

Barnes did request a list of any Federal Rule of Evidence 404(b) material that the Government intended to utilize and the Government was directed that such information be turned over two weeks prior to trial or at the pretrial conference, whichever is earlier.

Barnes also requested an order compelling Government witnesses to be interviewed by him. Barnes is now and will remain in jail pending trial. A defendant has no right to compel a witness to consent to an interview. Barnes's motion in this regard makes reference to his "counsel" being involved but Barnes had repeatedly and recently direct that this Court vacate the appointment of stand-by counsel and apparently wishes to have no contact with him.

Barnes also seeks to join in motions by his co-defendant, but that request is denied as moot. That defendant, Johnson, is no longer in the case, has pleaded guilty and he may testify against Barnes at trial.

**Document #107 – Defendant's Reply to Government's Response**

Magistrate Judge Feldman notes that this motion is over 80 pages long and "recites lengthy, rambling arguments about jurisdiction and procedural violations." (Dkt. #115, p.44).

8

Once again, as the Magistrate Judge noted, this motion repeats many of the arguments made by Barnes and they all relate generally to civil matters involving personal jurisdiction, minimum contacts and subject matter jurisdiction. None of the cases and arguments submitted by Barnes have any bearing on this criminal proceeding.

Barnes also questions venue, but the Indictment states and the Magistrate Judge noted that acts here involved sex trafficking activity that occurred in the Western District of New York. Barnes also makes arguments concerning the interstate agreement on detainers and once again alleges a speedy trial violation, all of which were decided by Magistrate Judge Feldman relating to earlier motions filed by the defendant.

## **CONCLUSION**

I accept and adopt the Report and Recommendation of United States Magistrate Judge Jonathan W. Feldman (Dkt. #115) filed June 29, 2018. I have carefully reviewed Barnes's arguments which were submitted before the Magistrate Judge, as well as his lengthy, prolix objection (Dkt. #132) to the Magistrate Judge's Report and Recommendation.[3] I find no basis to alter, modify or reverse the Magistrate Judge's Report and Recommendation. I have also

---

[3] Barnes's objection to the Magistrate Judge's Report and Recommendation consists of 146 pages, including numerous attachments. In those pages, Barnes has cited many hundreds of cases. Most of them have virtually nothing to do with the motion made and the arguments advanced. Furthermore, Barnes's motions and arguments are ambiguous, not clear and rambling at times. I understand that Barnes is proceeding *pro se* and frankly that is one of the dangers of taking on a case of this nature *pro se* without the assistance of counsel. I understand Barnes is not a lawyer and these observations of the Court are not meant to be critical but to point out the objective facts as to the nature of the matters submitted.

considered all the other motions and arguments made by Barnes and deny all of them, even though I may not have referred directly to them in this Decision.

I DENY the six separate *pro se* motions, Docket ## 90, 91, 92, 93, 94 and 107, in their entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 11, 2018.