UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                        Plaintiff,                    <u>DECISION AND ORDER</u>

                                                                      16-CR-6029L

                        v.

ANDRE L. BARNES,

                                        Defendant.
_____

Defendant Andre L. Barnes ("Barnes") was convicted by a jury on November 15, 2018, of nine counts relating to sex trafficking of a minor and of an adult, with the use of force. Sentencing is scheduled for January 10, 2019. Barnes made the decision to represent himself at trial and advised the Court that he intends to do so at sentencing.

On December 6, 2018, Barnes filed a 46-page motion for a judgment of acquittal and for a new trial pursuant to Fed. R. Crim. P. 29(c), 33. The Government filed its Memorandum in Opposition (Response) on December 14, 2018. The Court previously denied Barnes's Rule 29 motion at the close of the Government's case.

Barnes raises several issues in his most recent motion, many of which have been raised previously. The principal basis for the motion, however, is that there was insufficient evidence presented to support the jury verdict.

Having presided over the trial, I am very familiar with the evidence presented, including the testimony of the many victim-witnesses who appeared and testified. In the Court's view, there

was sufficient evidence to support the jury's verdict and therefore Barnes's motion for a judgment of acquittal and a new trial must be denied.

On a Rule 29 motion seeking a judgment of acquittal, following a jury verdict of guilty, the court must "ask 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Espaillet*, 380 F.3d 713, 718 (2d Cir. 2004) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

A defendant who is challenging the sufficiency of the evidence to support his conviction "bears a heavy burden." *United States v. Si Lu Tian*, 339 F.3d 143, 150 (2d Cir. 2003) (internal quotation marks omitted). "[A] court may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." *United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir. 1999) (internal quotation marks omitted). "It is settled that 'Rule 29(c) does not provide the trial court with an opportunity to substitute its own determination of … the weight of the evidence and the reasonable inferences to be drawn for that of the jury." *Espaillet*, 380 F.3d at 718 (quoting *Guadagna*, 183 F.2d at 129). *Accord United States v. Facen*, 812 F.3d 280, 286 (2d Cir. 2016).

Several Government witnesses testified about Barnes's activities, causing them to engage in prostitution. Barnes's activities with the many witnesses span many months and involved multiple occasions involving prostitution. Barnes himself did not appear to dispute that he was in fact a "pimp." As the Government notes in its Response, the victims, Amanda Leach, Justice Osborne, Chantalle Bessil, Grisdais Rotetta, Heather Stone and Cassandra Sterling, all testified at length about their engagement in commercial sex acts arranged by Barnes and that they paid him all or a portion of the proceeds of such prostitution. There were several other witnesses who

testified and corroborated the testimony of these witnesses, including evidence of Backpage.com advertisements and Facebook posts.

In short, the evidence is overwhelming that Barnes trafficked with several minors and that he used force, threats of force and drugs to force and coerce several adult victims to engage in prostitution.

As to the counts relating to the interstate transportation from New York to New Jersey, the evidence was overwhelming. The woman transported, Amanda Leach, testified for the Government and clearly established evidence that she was taken by Barnes to New Jersey for the purpose of engaging in commercial sex, which did occur.

Barnes has failed to carry the heavy burden that there was insufficient evidence for the jury to find guilt beyond a reasonable doubt.

Barnes has also failed to meet the heavy burden for granting a new trial. The jury, based on ample evidence, found defendant guilty on all counts. To the extent that there was conflicting evidence, such a conflict is for the jury to resolve. Barnes has failed to establish any reason whatsoever justifying a new trial in light of the Court's finding that there was more than sufficient evidence for a jury to find as it did.

Barnes raises several other issues in his motion, none of which warrant relief. Barnes raises issues about the Court's failure to take "judicial notice" of the citizenship of the parties. This matter concerning citizenship and jurisdiction was raised at length by Barnes before Magistrate Judge Feldman, who ruled on the issue in his Report and Recommendation and by this Court in its Decision of October 11, 2018 (Dkt. #135) affirming the Report and Recommendation of Magistrate Judge Feldman.

Barnes also claims that the Court made impermissible references to Barnes's alias "Shy". Many witnesses testified and used that moniker in describing Barnes. The Indictment also listed that as an alias. There is no basis for relief on this point.

Barnes also claims there was some defect or impropriety relative to the Plea Agreement of the co-defendant Christopher Johnson, who testified at trial against Barnes as a cooperating witness. Matters relating to Johnson's plea agreement are irrelevant as to Barnes. The fact that Johnson had a plea agreement and that he hoped to obtain some benefit from testifying was put before the jury. Barnes's arguments in this motion concerning the effect of that Plea Agreement on Barnes is without any merit.

## **CONCLUSION**

Defendant Andre Barnes's motion for acquittal or for a new trial (Dkt. #159) is in all respects DENIED.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 18, 2018.