UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                    Plaintiff,

          v.

ANDRE L. BARNES,

                                    Defendant.
_____

<u>DECISION AND ORDER</u>

16-CR-6029L

       Defendant Andre L. Barnes, appearing *pro se*, has filed a Motion for Arrest of Judgment or to Dismiss Indictment on December 20, 2018 (Dkt. #168). Barnes moves pursuant to Fed. R. Crim. P. 12 and 34.

       Barnes was convicted after trial of nine counts relating to sex trafficking on November 15, 2018. Sentencing is currently scheduled for January 22, 2019.

       After careful review of defendant's motion, prior decisions of this Court relating to some of the same issues, defendant's motion is, in all respects, denied.

       Barnes raises several issues, most of which require little comment. Barnes complains first, and foremost, that this Court lacked subject matter jurisdiction over this criminal prosecution. He also claims that the Indictment is impermissibly vague and void for several reasons; that he had been convicted in state court of assault on one of the victims who testified against him in this federal prosecution and therefore this prosecution is precluded by principles of double jeopardy. He also complains that use of a computer is not an "element" of this offense. None of these arguments have merit.

Many of these same issues have been made in previous filings by defendant and all have been rejected in decisions by United States Magistrate Judge Jonathan W. Feldman and this Court. (*See* Dkt. ## 115, 135, 160).

Defendant has consistently challenged the "jurisdiction" of the Court, claiming, among other things, that there is no evidence of any maritime violation. He has repeatedly suggested that the offenses at issue here can only be prosecuted as part of the maritime jurisdiction of this Court. That position is clearly misguided. As has been pointed out by both Magistrate Judge Feldman and this Court in the prior decisions, this Court surely has jurisdiction over these criminal charges involving sex trafficking. This case does not involve maritime jurisdiction and never has. These offenses could be prosecuted in the maritime jurisdiction of the Court but, obviously, such prosecution is not limited to that.

Barnes also discusses "standing" and claims that there is no such standing by anyone in the Government. But, principles of standing relate to civil proceedings and have no bearing whatsoever in this criminal process.

The Superseding Indictment clearly sets forth the several offenses charged and, as determined by this Court on a prior motion for judgment of acquittal, (Dkt. # 160) there was more than sufficient evidence at trial to support the jury's verdict.

Barnes's double jeopardy claim also must be rejected. It is true that Barnes was convicted in state court of an assault charge relating to his attack on one of the women who testified in this federal case. He has been sentenced on that conviction. But, of course, the elements of assault and the elements relating to the sex trafficking charges here are completely different. The fact that Barnes was convicted of assault does not bar prosecution for completely separate offenses in federal court.

I have considered all of the other claims and arguments made in defendant's present motion and find that none of them have merit and none warrant the relief requested by Barnes in his motion.

## CONCLUSION

Defendant Andre Barnes's Motion for Arrest of Judgment or Dismissal of the Indictment (Dkt. #168) is in all respects DENIED.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 10, 2019.