UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                                                                                            <u>ORDER</u>

                            Plaintiff,

                                                                                                         16-CR-6029L

           v.

ANDRE L. BARNES,

                                               Defendant.

_____

       Defendant Andre L. Barnes was convicted by a jury on November 15, 2018, of nine counts relating to sex trafficking of a minor and of an adult, with the use of force. Both at the close of the Government's case and following the entry of the jury verdict, Barnes moved for a judgment of acquittal, which this Court denied. *United States v. Barnes*, 340 F.Supp.3d 274 (W.D.N.Y. 2018). He then appealed from his conviction, which the Court of Appeals for the Second Circuit affirmed on March 26, 2021. *United States v. Johnson*, 852 F.App'x 559 (2d Cir. 2021).

       On September 14, 2021, Barnes filed a motion under 28 U.S.C. § 2255 to vacate his conviction and sentence, on various grounds. (Dkt. #221.) Barnes filed an amended motion (Dkt. #222) on September 17, 2021.[1] The Government has filed a response in opposition to the motion. (Dkt. #229.)

---

[1] Since the amended motion (which differs from the original principally in that it is far more legible) is now the operative motion, all further references to the "motion" will be understood to refer to the amended motion, unless otherwise indicated.

## DISCUSSION

A "federal court may not vacate a sentence of a prisoner in federal custody unless it 'was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'" *United States v. Pitcher*, 559 F.3d 120, 123 (2d Cir. 2009) (quoting 28 U.S.C. § 2255(a) and *Moran v. Burbine*, 475 U.S. 412, 429 (1986)).  To obtain relief pursuant to § 2255, a defendant must establish "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks and citation omitted).

While that is a formidable burden in itself, *see United States v. Toole*, No. 06-CR-6024, 2014 WL 12711981, at *2 (W.D.N.Y. Feb. 13, 2014), Barnes faces an additional hurdle here.  As the Second Circuit has stated, § 2255 is not a vehicle to reargue matters that were raised and decided on direct appeal.  *See United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997) ("A § 2255 motion may not relitigate issues that were raised and considered on direct appeal").

Section 2255 also precludes a defendant from bringing claims for the first time that could have been raised on direct appeal.  *See Bousley v. United States*, 523 U.S. 614, 622-23 (1998). Where the defendant has procedurally defaulted a claim by failing to raise it on direct appeal, the claim may be raised pursuant to § 2255 only if the petitioner can demonstrate (1) cause for the failure to raise the claim and prejudice from the alleged error, or (2) actual innocence of the crime.  *Id.*

Nearly all of Barnes's present grounds for relief were raised in his direct appeal, and rejected by the Second Circuit. In his § 2255 motion, for example, Barnes asserts grounds relating to alleged defects in the indictment. The Court of Appeals rejected those arguments. While Barnes continues to try to find *something* wrong with the indictment, in the hope that he might at last strike upon a winning argument, the Second Circuit explicitly found that there was no error in the indictment. 852 F.App'x at 563. The Court of Appeals likewise rejected Barnes's challenges to this Court's jurisdiction, and his arguments relating to the Government's alleged subornation of perjury with respect to his codefendant. *Id.* at 562-63.

To the extent that the Court of Appeals did not explicitly address some of the specifics of Barnes's arguments on appeal, which he now relies on in his § 2255 motion, that is inconsequential. It is presumed that the appellate court considered every argument raised on appeal, whether the court expressly discussed them or not. *See Spaulding v. United States,* No. 3:09cv0358, 2010 WL 7865082, at *3 (D.Conn. Dec. 3, 2010) ("it matters not whether an issue raised on appeal was directly addressed" by the court of appeals); *Griffith v. United States*, No. 03 Civ. 7860, 2005 WL 245071, at *3 (S.D.N.Y. Oct. 6, 2005) ("[I]t is presumed that the Second Circuit considered each argument and this Court does not now have the right to permit the Defendant[ ] to relitigate them").[2]

Furthermore, at the end of its decision affirming Barnes's conviction, the Second Circuit stated, "We have considered all of Barnes's remaining arguments and find them either to be

---

[2] Barnes's appellate brief, which this Court has reviewed, was filed as entry #73 on the docket sheet for his appeal. *United States v. Barnes*, No. 19-271 (2d Cir.).

-3-

waived or without merit." 852 F.App'x at 564.  It could not be any clearer, then, that the court rejected Barnes's hodgepodge of challenges to his conviction.

In his § 2255 motion, Barnes has come up with one ground that he did not assert in his direct appeal.  He now claims that the magistrate judge assigned to his case lacked jurisdiction to issue his arrest warrant because the affidavit in support of the warrant was not signed under penalty of perjury.

As stated, however, where a defendant asserts a ground for relief in a § 2255 motion that he did not raise on direct appeal, the claim is barred unless the defendant can show cause and prejudice, or (2) actual innocence.  Barnes has shown neither.  There is no reason why he could not have raised this argument on direct appeal.  And while all of his arguments are meritless, if not frivolous, Barnes is apparently wise enough not to assert actual innocence.  There was a mountain of evidence against Barnes, including his own testimony.

Barnes's present claims are therefore procedurally barred.  But even if they were not so barred, they are meritless.  Both this Court and the Court of Appeals have already considered and rejected his arguments, and there is no reason now to restate all the reasons why his grounds for relief have no basis in fact or law.

I also find that there is no need for an evidentiary hearing in this case.  Under § 2255(b), the district court is not required to hold an evidentiary proceeding when "the files and records of the case conclusively show that the prisoner is entitled to no relief."  A hearing is also often unnecessary when the judge who presided over the underlying proceeding also decides the § 2255 motion.  *Puglisi v. United States*, 586 F.3d 209, 214 (2d Cir. 2009).  In the case at bar, I

am well familiar with the facts and the record. Barnes's motion is meritless on its face, and he has advanced no arguments that call for any further development of the record.

Finally, the Court notes that in addition to his § 2255 motion, Barnes has filed several other motions for various relief. These are all moot (such as his motion to quash his arrest warrant), or patently meritless (such as his "motion to dismiss" based on the federal admiralty rules). The Court has reviewed these motions, most of which were filed prior to the filing of his § 2255 motion, and I find them to be without merit.

## CONCLUSION

Defendant Andre Barnes's motions to vacate under 28 U.S.C. § 2255 (Dkt. #221, #222), to dismiss (Dkt. #209), to intervene (Dkt. #210), to quash (Dkt. #211), to strike (Dkt. #212), and for a hearing (Dkt. #230), are in all respects denied. The Court declines to issue a certificate of appealability because defendant has failed to make a substantial showing of a constitutional violation.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 14, 2022.